NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>MicroBilt Corporation,<br><br>Debtor. | On Appeal from an Order from the United States Bankruptcy Court, District of New Jersey |
| MicroBilt Corporation,<br><br>Appellant,<br><br>v.<br><br>Chex Systems, Inc., Gunster, Yoakley & Stewart, P.A., and David M. Wells,<br><br>Appellees. | Civ. No. 13-4752<br><br>Opinion |

## **I. INTRODUCTION**

This matter has come before the Court on an appeal brought by Appellant MicroBilt Corporation ("MicroBilt") of the following Orders issued by the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court"): 1) Order and Judgment Granting Summary Judgment and Dismissing Counts IX, X, and XI of the Complaint, with Prejudice, as to Defendant Gunster, Yoakley & Stewart, P.A. and Defendant David Wells; 2) Order Granting Chex Systems, Inc.'s Motion to Dismiss Counts II through VII of the Adversary Complaint; 3) Order Denying MicroBilt's Motion for Leave to Amend; and 4) Order Resolving Counts VIII, IX, and X Against Chex Systems, Inc. (Doc. No. 1, 1-2). Appellees Gunster, Yoakley & Stewart, P.A. and David M. Wells (collectively, "Gunster") and Appellee Chex Systems, Inc.

1

("Chex") oppose the appeal. (Doc. Nos. 7, 8). The Court has decided the matter based on the submissions of the parties and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the foregoing reasons, the appeal is denied.

## II. FACTUAL BACKGROUND

Chex and MicroBilt are parties to an information resale agreement (the "Agreement"). (Doc. No. 6, 5). Under the Agreement, MicroBilt purchased debit reports from Chex, which MicroBilt then sold to other parties. On November 4, 2010, Chex, by and through Gunster, Chex's counsel, filed a Complaint in the United States District Court for the Middle District of Florida ("the Florida Complaint") against a subsidiary of MicroBilt. (Doc. No. 6, 3-5). In the Florida Complaint, Chex and Gunster attached supporting documents, which included the subsidiary's "confidential and proprietary information and trade secrets." (Doc. No. 6, 4).

On March 18, 2011, MicroBilt filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code, 11 U.S.C. Sect. 101, et. seq. (Doc. No. 6, 5). On February 21, 2012, MicroBilt filed a Complaint against Chex and Gunster with the Bankruptcy Court, alleging that attachments to the Florida Complaint breached the Agreement, tortiously interfered with MicroBilt's actual and prospective contracts, and misappropriated MicroBilt's trade secrets. (Doc. No. 6, 5-7). MicroBilt also alleged that Chex interfered with MicroBilt's contracts with end users by disclosing confidential information to Gunster. (Doc. No. 6, 5-7).

In its motion, Chex argued that each claim against Chex "arose out of or related to" the Agreement and should therefore be dismissed in favor of the arbitration clause included in the Agreement. (Doc. No. 8). In a separate motion, Gunster argued that claims asserted against Gunster were barred by the Florida absolute litigation immunity privilege. (Doc. No. 7). The

Bankruptcy Court granted both motions and also denied MicroBilt's motion to amend its complaint on the grounds that amendment would be futile.

### III. ANALYSIS

District courts have jurisdiction to hear the appeals of bankruptcy judges. 28 U.S.C. § 158(a). In such cases, district courts review the decisions of the bankruptcy judges *de novo* on issues of law and for clear error as to factual findings. *See In re Trans World Airlines, Inc.*, 145 F.3d 124, 130 (3d Cir. 1998). "The district court must give conclusive effect to exercises of discretion by the bankruptcy court unless such an exercise constitutes an abuse of discretion." *Scaffidi v. DeSoto*, Civ. No. 06-3786, 2007 WL 2156358, at *2 (D.N.J. July 25, 2007) (citing *In re Vertientes, Ltd.*, 845 F.2d 57, 59 (3d Cir. 1992)).

The issues raised on appeal can be grouped into three main questions: (1) the scope and effect of the litigation privilege; (2) the extent to which claims in Counts IV-VII relate to the arbitration provision; and (3) whether the proposed amendment would be futile.

   a. *Litigation Privilege*

Under Florida law,[1] "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior [. . .], so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). "The rule of absolute immunity extends to the parties, judges, witnesses, and counsel involved and related to the judicial proceedings." *Delmonico v. Traynor*, 50 So. 3d 4, 7 (Fla. Dist. Ct. App. 2010).

---

[1] Neither party disputes the application of Florida law to this issue on appeal.

The Florida Supreme Court found that absolute litigation immunity was designed to allow a party to "prosecut[e] or defend[] a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007); *see also Levin*, 639 So. 2d at 608 ("[A]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding [ . . .], so long as that conduct has some relations to the proceeding."). To this end, Florida courts have expansively interpreted the "relates to" requirement. *See Rolex Watch U.S.A. Inc. v. Rainbow Jewelry, Inc.*, 2012 WL 4138028 (S.D. Fla. Sept. 19, 2012) ("[t]he decision to file a lawsuit clearly relates to a judicial proceeding"); *Delmonico v. Traynor*, 116 So. 3d 1205, 1217, 1219 (Fla. 2013) (privilege applies when statements or actions occur "either in front of a judicial officer or in pleadings or documents filed with the court or quasi-judicial body").

Here, Appellant MicroBilt argues that the litigation privilege should not apply if trade secrets or other confidential information are disclosed by a party filing a complaint. However, this Court agrees with the Bankruptcy Court and finds that the actions at issue are sufficiently related to a judicial proceeding to fall under Florida's absolute litigation privilege.

   b. *Arbitration*

Appellant contends that the "Bankruptcy Court erred when it determined that (i) MicroBilt's claims against Chex for tortious interference (Counts IV-VII) arose out of or related to the Information Resale Agreement, (ii) the arbitration provision of the Informatio[n] Resale Agreement was implicated, and (iii) those claims should be sent to arbitration." (Doc. No. 6, 1). If a valid agreement to arbitrate exists and the dispute falls within the substantive scope of the agreement, then the dispute must be sent to arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-28 (1985); *see also Harris v. Green Tree Financial Corp.*, 183 F.3d 173, 178-79 (1999) (If "a court deems a controverted

4

arbitration clause a valid and enforceable agreement, it must refer questions regarding the enforceability of" the contract to an arbiter.). Paragraph 29 of the Agreement stated that "[a]ny dispute, difference, controversy, or claim arising out of or relating to this Agreement shall be settled by binding arbitration." *In re MicroBilt Corp.*, 484 B.R. 56, 62 (Bankr. D.N.J. 2012). This Court agrees with the Bankruptcy Court's interpretation of the Complaint and the Agreement and finds that the dispute sufficiently relates to the Agreement.

   *c. Denial of MicroBilt's Motion to Amend*

The Bankruptcy Court denied MicroBilt's motion to amend on the grounds that the amendment would be futile. After a responsive pleading is filed, a motion to amend under Fed. R. Civ. P. 15(c) is committed to the sound discretion of the court. *Lawrence v. Xerox Corp.*, 56 F. Supp.2d 442, 449 (D.N.J. 1999). Leave to amend is futile when it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief. *See Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). Upon reviewing the record and examining the effect of the above orders, the Court finds that the Bankruptcy Court did not err in denying the motion to amend.

## IV. CONCLUSION

For the above reasons, the appeal is denied.

    */s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: 12/16/13